UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAG ACQUISITION, LLC,<br><br>                Plaintiff,<br>    v.<br><br>AMAZON.COM, INC.,<br><br>                Defendant. | CASE NO. C22-1424JLR<br><br>ORDER |

## I.   INTRODUCTION AND BACKGROUND

Before the court are the parties' responses to the court's February 6, 2023 show cause order.  (Pl. Resp. (Dkt. # 112); Def. Resp. (Dkt. # 113); OSC (Dkt. # 111).)  On August 6, 2021, Plaintiff WAG Acquisition, LLC ("WAG") sued Defendant Amazon.com, Inc. ("Amazon") for infringement of three of its patents:  (1) U.S. Patent No. 9,729,594 (the "'594 Patent"); (2) U.S. Patent No. 9,742,824 (the "'824 Patent"); and (3) U.S. Patent No. 9,762,636 (the "'636 Patent") (collectively, the "Patents-in-Suit").  (*See generally* Compl. (Dkt. # 1).)  In August 2022, Amazon filed *inter partes* review

ORDER - 1

1  ("IPR") petitions with the U.S. Patent Office ("USPTO") challenging all asserted claims

2  of the Patents-in-Suit.  (*See* Not. of Other Actions (Dkt. # 86) at 2.)  Around the same

3  time, The Walt Disney Company, Disney Streaming Services LLC, and Hulu LLC

4  (collectively, "Disney"), as well as Google, LLC ("Google"), filed IPR petitions

5  challenging all claims of the Patents-in-Suit.  (*See id.*)  According to United States

6  District Judge John A. Kronstadt, the USPTO is expected to decide whether or not to

7  institute IPR proceedings sometime in March 2023 with respect to Amazon and Google's

8  IPR petitions.  *See* Stay Order, *WAG Acquisition, LLC v. The Walt Disney Company*, No.

9  2:21-cv-08230-JAK-E (C.D. Cal. Nov. 9, 2022), Dkt. # 104.  With respect to Disney's

10 IPR petitions, the USPTO granted institution of IPR proceedings on both the '636 Patent

11 and the '824 Patent, and an institution decision is expected on Disney's IPR petition

12 regarding the '594 Patent sometime in March 2023.  (*See id.*); *'824 Patent Request for*

13 *Trial Granted*, USPTO (Feb. 6, 2023), https://patentcenter.uspto.gov/applications/

14 15283578/ifw/docs; *'636 Patent Request for Trial Granted*, USPTO (Feb. 3, 2023),

15 https://patentcenter.uspto.gov/ applications/15283544/ifw/docs.

16        Thus, on February 6, 2023, the court ordered the parties to show cause why the

17 current *Markman* hearing date should not be stricken and the case stayed until the

18 USPTO resolves the pending IPR petitions.  (*See* OSC at 1-3 & n.2; *see also* Sched.

19 Order (Dkt. # 108) (setting a Markman hearing for February 27, 2023).)  In response to

20 the court's order, Amazon asks the court to stay this case pending the final resolution of

21 all nine IPR petitions.  (*See generally* Def. Resp. at 1.)  WAG, on the other hand, argues

22 that a stay is unwarranted.  (*See generally* Pl. Resp. at 1 (opposing stay regardless of

ORDER - 2

whether the stay is until the USPTO decides to institute IPRs or until the USPTO issues final written decisions in any instituted IPRs).)

## II.  ANALYSIS

The court has the authority to stay this case pending the outcome of an IPR petition. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *SRC Labs, LLC v. Amazon Web Servs., Inc.*, No. C18-0317JLR, 2018 WL 6201489, at *2 (W.D. Wash. Nov. 28, 2018) (staying case *sua sponte* pending resolution of IPR petitions). To determine whether to grant such a stay, the court considers (1) whether a stay will simplify the court proceedings; (2) the stage of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1063 (W.D. Wash. 2011). The court applies this "three-factor framework from *Pacific Biosciences* regardless of whether an IPR petition is pending or has been granted." *See SRC Labs*, 2018 WL 6201489, at *2.

**A.  Simplification**

First, the court finds that the USPTO's resolution of the nine pending IPR petitions will have a significant impact on the issues in this case, regardless of the outcome. *See Pragmatus Telecom, LLC v. NETGEAR, Inc.*, No. C 12-6198 SBA, 2013 WL 2051636, at *2 (N.D. Cal. May 14, 2013) ("A stay request is not contingent upon the reexamination proceeding being coterminous and resolving every claim and issue in this action. Rather, the salient question is whether the reexamination will aid the [c]ourt or otherwise streamline the litigation."). The USPTO's statistics show that the Patent Trial and

Appeal Board's ("PTAB") instituted trial on 67% of the IPR petitions[1] filed in the 2022 fiscal year. (*See* PTAB Trial Statistics FY22 End of Year Outcome Roundup at 6; *id.* at 9 (noting that the institution rate is 68% for patents directed to "Electrical/Computer" technology, like the patents asserted in this case).[2]) And across all instituted IPRs that proceeded to a final written decision in fiscal year 2022, the PTAB determined that all instituted claims were unpatentable in 65.73% of cases, that some claims were unpatentable in 15.95% of cases, and that no claims were unpatentable in 18.32% of cases.[3] (*Id.* at 11.)

Here, the nine IPR petitions challenge all asserted claims of the Patents-in-Suit. (*See* OSC at 1-2; Def. Resp. at 1-2.) Based on the 2022 fiscal year statistics regarding the rate at which the PTAB institutes IPR proceedings and invalidates claims, the court finds

---

[1] Although the statistics address both IPR and post grant review ("PGR") petitions, 97% of the petitions at issue were IPR petitions. (*See* Def. Resp., Ex. A ("PTAB Trial Statistics FY22 End of Year Outcome Roundup") at 3.) Accordingly, the court refers to these statistics as addressing IPR petitions.

[2] The court takes judicial notice of the USPTO's statistics because such records are available to the public and are certified and maintained by an official office, and thus, their accuracy cannot be reasonably disputed. *See, e.g.*, Fed. R. Evid. 201(b); *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D. Cal. 2016).

[3] Based on these statistics, for the seven IPR petitions that have not yet been instituted, there is a 44.22% chance (.67*.66) that each petition invalidates all claims of the challenged patent, a 10.72% chance (.67*.16) that each petition invalidates some but not all claims of the challenged patent, and a 45% chance (1 - (.44 + .11)) that each petition invalidates no claims. (*See* Def. Resp. at 2 & n.2.) "However, these statistics change significantly when factoring in the number of IPR petitions at issue." *SRC Labs, LLC v. Microsoft Corp.*, No. C18-0321JLR, 2018 WL 6065635, at *3 (W.D. Wash. Nov. 20, 2018). Given the nine pending petitions, two of which have already been instituted, it is "far more likely" than 44% that at least one of the IPR petitions "substantially simplifies" this case and "far less likely" than 45% that no IPR petition substantially simplifies the case. (*Id.*)

that it is likely that the PTAB will institute IPR proceedings and invalidate at least some, if not all, of the asserted claims across the three Patents-in-Suit. *See, e.g.*, *SRC Labs*, 2018 WL 6065635, at *3 (relying on USPTO statistics to reach similar conclusion). Thus, "[i]f the court were to allow the case to proceed, there is a substantial risk that both the court and the parties will needlessly expend valuable resources in determining the validity of patent claims that are ultimately cancelled or amended by the USPTO." *Pretika Corp.*, 760 F. Supp. 2d at 1064-65; *see also, e.g.*, *Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV09-0843, 2010 WL 1462110, at *7 (C.D. Cal. Apr. 12, 2010) ("Because [the vast majority] of patents being reexamined change in some way . . . the Court risks enabling futile litigation that may have to be repeated if the patent changes."). Even if some or all of the claims are found patentable, staying the case pending the USPTO's resolution of the nine IPR petitions will "facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995); *Pretika Corp.*, 760 F. Supp. 2d at 1065 (stating that "the court would still have the benefit of the USPTO's analysis of the disputed claim terms in ruling on claim construction").[4] Accordingly, the court finds that this factor weighs in favor of granting the stay.

---

[4] The statements WAG makes regarding claim construction during the IPRs will become part of the prosecution history for the asserted patents and can thus be considered when construing the terms at issue. (*See* Def. Resp. at 3 ("The pending IPR petitions raise claim construction issues for the five terms the parties dispute in this case.")); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding can be considered during claim construction and relied upon to support a finding of prosecution disclaimer.").

ORDER - 5

### B. Stage of Litigation

Second, although the parties have engaged in some discovery and submitted claim construction briefing in relation to the *Markman* hearing, this case in its early stages. (*See generally* Dkt.; Def. Resp. at 4 (stating that "[t]he parties have taken no depositions and have each only exchanged one set of interrogatories and one set of requests for production, aside from limited venue discovery"); Pl. Resp. at 2 (stating that the parties have exchanged infringement and invalidity contentions and several discovery requests).) Discovery is far from complete, the *Markman* hearing has not yet occurred, and trial is not until May 6, 2024. (*See* Sched. Order at 1-2.) Thus, "[n]either the parties, nor the court, have invested the kind of resources that would render a stay pending [the resolution of the pending IPR petitions] untenable." *Pretika Corp.*, 760 F. Supp. 2d at 1066. The fact that substantial additional discovery, claim construction, and other issues lie ahead in this case weighs in favor of a stay. *See, e.g.*, *Zillow v. Trulia*, No. C12-1549JLR, 2013 WL 5530573, at *5-6 (W.D. Wash. Oct. 7, 2013) (granting stay with trial "more than ten months away," on the "eve of claim construction" and where "well over a hundred thousand pages of documents" had been produced and a Rule 30(b)(6) notice served); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (finding that this factor weighed in favor of a stay even where the parties had already submitted their claim construction briefs and the court had held a claim construction hearing).

//

//

### C. Undue Prejudice

Third, although the court recognizes that WAG may suffer *some* prejudice as a result of the delay inherent in any USPTO review process, the court finds that WAG will not be *unduly* prejudiced by a stay. First, although WAG contends that this case "has already been substantially delayed" and that further delay is unwarranted (*see* Pl. Resp. at 1-2), "[t]he delay inherent to the reexamination process does not generally, by itself, constitute undue prejudice," *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct. 5, 2011). Second, the potential for prejudice resulting from a stay is of less concern in cases where, as here, the parties are not competitors. (*See* Def. Resp. at 4); *see, e.g.*, *SRC Labs*, 2018 WL 6065635, at *4. Indeed, "[c]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-0184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages . . . ."); (*see also* Compl. at 20-21 (seeking only monetary damages)).

Finally, WAG's argument regarding undue prejudice in light of Amazon's delay in filing its IPR petitions is undermined "by its own delay in pursuing its infringement

//

//

claim."[5] *Pretika Corp.*, 760 F. Supp. 2d at 1067; (*see* Compl. ¶ 12 (noting that all three Patents-in-Suit were issued in 2017)). Because WAG fails to make "a specific showing of prejudice beyond the delay necessarily inherent in any stay," *Affinity Labs of Texas LLC v. Samsung Electronics Co.*, No. 14–CV–2717, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014); (*see generally* Pl. Resp.), the court finds that this factor weighs in favor of staying this case.

On balance, the court concludes that the factors weigh in favor of staying this case.

### III.   CONCLUSION

For the foregoing reasons, the court STAYS this case until the final resolution[6] of the nine pending IPR petitions—filed by Amazon, Google, and Disney—relating to the three Patents-in-Suit. The court also VACATES all case deadlines that remain as of the date of this order, including the current *Markman* hearing date. The court further ORDERS the parties to file a joint status report no more than 90 days from the date of this order and to file a joint status report every 90 days thereafter until the court lifts the stay. The joint status reports shall inform the court of the status of the nine IPR petitions at issue in this case, any potential appeals of the USPTO's decisions that involve the nine

---

[5] Moreover, although Amazon did wait nearly a year to file its three IPR petitions (*see* Not. of Other Actions at 2), it properly filed the petitions within the statutory time frame, there is little indication that Amazon was less than diligent or sought an unfair tactical advantage. *See Software Rts. Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (finding that a one-year delay in filing IPR petitions did not establish undue prejudice).

[6] For example, with respect to the IPR petitions on which the PTAB institutes trial, "final resolution" means the issuance of the final written decision and the conclusion of any appeals from the decision.

ORDER - 8

pending IPR petitions, the expected timeline for final resolution of the petitions, and any other developments affecting the final resolution of the petitions. If the nine IPR petitions are resolved or if there is any other significant change in the status of this matter at any time earlier than 90 days from the date of this order or any 90-day interval at which the parties must file a joint status report, the court ORDERS the parties to file a joint status report informing the court of the development no more than seven days after it occurs. The stay will remain in effect until the court orders otherwise.

Dated this 14th day of February, 2023.

JAMES L. ROBART
United States District Judge